HAYNES. J.
A petition in error is brought to reverse the judgment of the court of common pleas in this case. A suit had been brought by I. B. Poyer, a gardian of Julia McIntosh, againt the Hornings,a executors of the estate of their father, Michael Horning, which is set out in the petition substantially as follows:
“Plaintiff says the defendants are indebted to him as guardian on he following account, to-wit: For work and labor performed by aid Julia McIntosh for Michael Horning, when in full life, from ugust 6, 1885, to April 1, 1891, $270.” Then follow five items of ash loans varying from $6 to §10. Ihe parties went to trial upon this case, there having been a denial on the part of the defendants of any liability, and the case being brought up several objections were made.
It appears by the record that after the commencement of the suit the guardianship of Poyer was terminated, and thereupon Julia McIntosh’s name was included, and the suit was prosecuted in her name, and it is alleged for error that the court erred in doing this and permitting the suit to be proceeded in her name on the pleadings already established. We are unable to agree with the suggestion, and are of opinion the court might properly insert the name of Julia McIntosh, and the case might thus proceed.
It is claimed the court erred in rendering judgment in this case, *733 íor the reason that the petition did not state a cause of action, and a motion was interposed in arrest of judgment which was overruled, and it is alleged the court erred in overruling the motion, and also that the judgment should be reversed because the petition does not state a sufficient cause of action against the defendants.
The petition is one of that kind which grow up under the statute allowing short pleadings, and it is not in the language of the statute. It says the defendant is indebted'to him. The language of the statute is, “there is due to him, on an account,’’ a copy of which is given. '
The objection that is made here is that the work and labor for which the suit is brought, that was alleged to have been performed by Julia McIntosh for Horning-, does not appear to have been performed at the request of Mr. Horning
Under the old Urm of an action for work and labor done,., that was a material allegation. We understand the supreme court to hold if the matters set forth in the petition are such as may be properly put in an account, it is not necessary there should have been any account book or statement in any account book prior to the making of the statement of account on which the action is brought. It would seem as if this suit was intended to be brought upon an account for work and labor so much. That we suppose to be a proper item of book account. The general rule is that several amounts of cash are not proper items of book account, but we understand small amounts might properly be stated in book accout; but be that as it may, the record shows the parties proceeded to trial, and testimony was offered on behalf of the plaintiff tending to show that this plaintiff went into the employ of Michael Horning in his lifetime,and remained there for a period of about five years, and that she went at his request, and upon his statement, as alleged by witnesses, that he was to pay her well for her services. It was stated be thought she ought to have *1 a week. No objection was taken to this testimony. All those questions are now raised here in a motion for arrest of judg ment and upon eiror.
We have-liad occasion to examine this class of cases heretofore, and we think it is pretty well established in Ohio, where a party wishes to avail himself of defects in a petition he should object at the time the evidence is being introduced; that if he goes to trial and allows evidence to be introduced upon the supposed issues of the case without objection, and the case goes to a final judgment, he will not then be allowed to allege as matter of error if the facts themselves show a good cause of a.ction, that the petition was defective, and we think that rule would apply here.
It is a matter of doubt whether the petition is defective or not, but if it was the rule should he applied.
The weighty matter arises upon the testimony itself that was offered here to the jury. The plaintiff offers the testimony of two or three witnesses tending to show that Horning at some time in his life, or at the time this woman was there, said to Poyer, to Mr. and Mrs. Allen, perhaps, that he had got Mrs. McIntosh for -a housekeeper; that he was glad to have her; that he would take good care of her and pay her; and if I am not mistaken, he said ¡toe thought her services were worth a aollar a week.
H. L. Peeke, for Plaintiff in Error.
I. B. Poyer, in Person.
On tbe other hand there is a large body of testimony tending to show Mrs. McIntosh had originally lived upon the place where Horning was living at this time ; that Horning had bought the property and agreed to pay about 81,300 for it, and paid $900 and gave a note for 8400 with interest, to trustees of the township, and it was held by them for the benefit of Mrs. Mclntosch, for the purposes of her needs and support.
It appears from the evidence she had been at some other place and had received some wages, and it is stated by some witnesses she could have received more, which was coupled with tbe statement she did not wish to work for wages, but preferred to go back to this place and live there. She had lived there a good many years. The testimony tends to show that was the condition of affairs. Horning offered her a home: she went there because she desired to live at this place where she had spent the most of her life — more than twenty years, or about twenty years; that Horning was a man advanced in years — he had got to be seventy years old; and she was advanced in life and she preferred that situation than to be working around or working in other places.
In the progress of the trial testimony was given tending to show she had made statements of this kind to witnesses whose testimony was produced. That testimony was taken in the form of a deposition prior to the time of the trial. That testimony was offered in evidence by the defendant and went to the jury. Upon the rebuttal evidence Mrs. McIntosh was not called. She could not be a witness in her own behalf in the first instance upon the proof of the case, but when the testimony was offered as to her statements regarding matters in issue, then, under the fourth paragraph of section 5242, R. S., she would have been a competent witness. It does not appear from anything in the record but what she was there in the court room, and no reason is given why she was not called to testify.
The defendant called a number of witnesses and we think that a clear preponderance of evidence is in favor of the defense; and especially do we think there is force in that when testimony has been given as to the admissions of the plaintiff herself, that she did not go there expecting wages, but desired a home there as she had lived there so long, that that should form quite conclusive evidence as to the truthfulness of the claim of the defendant.
We are clearly of opinion tbe verdict of the jury was not sustained by sufficient evidence; and the judgment of the court will be reversed and the verdict of the jury set'aside, and the Cass' remanded for further proceedings.